# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2010

No. 08-60739
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES EDWARD FRYE, also known as Sealed Defendant 2,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:01-CR-8-2

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Edward Frye, federal prisoner # 98362-024, appeals the denial of his motion for a new trial under Federal Rule of Criminal Procedure 33, which the district court denied as untimely. Frye was convicted of one count each of conspiracy, carjacking resulting in death, use of a firearm during and in relation to a crime of violence, and interstate transportation of a stolen vehicle. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60739

verdict was affirmed on direct appeal. *United States v. Frye*, 489 F.3d 201 (5th Cir. 2007).

Frye's motion for a new trial was based on allegedly newly discovered evidence consisting of an affidavit from his co-defendant, Billy Dewayne Cooper, who had invoked his Fifth Amendment right not to testify at Frye's trial. Rule 33 states, "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." The jury returned its verdict on February 3, 2005. Frye placed his motion in the prison mail system on February 7, 2008, more than three years after the verdict. The district court thus denied the motion as untimely. In a motion for reconsideration, Frye argued that the clerk's office had led him to believe that the verdict had been returned on February 18, causing him to miss the deadline. The district court denied the motion for reconsideration. Frye timely appealed. He subsequently filed a motion asking this court to remand the case to the district court for consideration of additional materials he has filed there.

Frye's pro se argument that he had been misled as to the date of the verdict could have been liberally construed as seeking an extension of time due to excusable neglect under Federal Rule of Criminal Procedure 45(b)(1)(B), or as seeking equitable tolling. But even if the district court had granted Frye an extension to February 18, 2008, and thus rendered the Rule 33 motion timely, it would nonetheless have been appropriate to deny the motion on the merits. "[T]his court 'may affirm the district court's judgment on any basis supported by the record.'" *United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007) (quoting *United States v. Clay*, 408 F.3d 214, 218 n.7 (5th Cir. 2005)).

Although it was based on "newly discovered evidence" in the form of Cooper's affidavit, Frye's Rule 33 motion for a new trial was not accompanied by that affidavit. Instead, it was accompanied by a motion for an extension of time to file the affidavit. That motion did not contain any specific reason why Frye

could not have filed Cooper's affidavit earlier. The district court therefore did not abuse its discretion in denying the motion for an extension of time. Frye eventually filed the affidavit on April 1, 2008, which was unquestionably more than three years after the verdict had been rendered. Since the affidavit was not timely filed, Frye's motion for a new trial was not supported by any newly discovered evidence. The court therefore did not err in denying the motion.

The district court's denial of Frye's Rule 33 motion for a new trial is AFFIRMED. Frye's motion for remand is DENIED.