# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2010

No. 08-60741

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES EDWARD FRYE, also known as Sealed Defendant 2,

Defendant-Appellant

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 4:01-CR-8-2

Before DAVIS, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

On February 3, 2005, a jury convicted federal prisoner James Edward Frye, of one count each of conspiracy, carjacking resulting in death, use of a firearm during and in relation to a crime of violence, and interstate transportation of a stolen vehicle. This court affirmed Frye's conviction. *United States v. Frye*, 489 F.3d 201 (5th Cir. 2007).

Following this court's affirmance of his conviction, Frye discharged the counsel representing him during his jury trial and filed the following motions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60741

*pro se*: a motion for a new trial and a motion requesting the district court to direct his discharged counsel to return to him his case files from his criminal proceeding. Frye stated that he sought his case files in order to prepare a motion under 28 U.S.C. § 2255 to vacate his sentence.

The district court denied Frye's motion for a new trial and his motion to direct his discharged counsel to return his case files. Frye then filed two separate motions asking the district court to reconsider its previous denials of his motions. In his motion to reconsider the denial of his motion for the return of his case files, Frye restated that the purpose of the motion was to prepare his § 2255 petition. In January 2009, the district court denied both of Frye's motions for reconsideration. Frye appealed the district court's denial of both motions.

In January 2009, Frye also filed a motion under § 2255 to vacate his sentence and moved to hold this motion in abeyance pending resolution of his appeal before this court challenging the denial of his motion to direct his discharged counsel to return his case files. The district court stayed Frye's § 2255 motion and directed the discharged counsel to preserve Frye's case files.

Following the above district court actions, this court affirmed the district court's denial of Frye's motion for a new trial. *See United States v. Frye*, 2010 U.S. App. LEXIS 8710 (5th Cir. 2010). This court today considers Frye's appeal of the district court's denial of his motion to direct discharged counsel to return his case files.

Before we can reach the merits of Frye's appeal, we must first consider whether we have jurisdiction to hear this appeal. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). This court may only exercise jurisdiction over final orders and certain interlocutory

No. 08-60741

orders. *See* 28 U.S.C. §§ 1291 (final orders), 1292 (interlocutory decisions); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1945 (2009).

Frye's motion had no relationship to his motion for new trial. Instead, the motion sought discovery to assist him in his § 2255 proceeding, which was not before the district court at the time the motion was filed. Thus, the order for discovery at issue before this court is not a final order. The question, therefore, narrows to whether it is an appealable interlocutory order. Frye's motion does not fall into the limited category of interlocutory orders over which this court has jurisdiction. Frye's motion for return of his files is a motion to compel discovery that could be appropriately filed in his § 2255 proceeding, and this court has repeatedly held that discovery orders to a pending action are not subject to interlocutory appeal. *See Texaco, Inc. v. Louisiana Land & Exploration Co.*, 995 F.2d 43, 43–44 (5th Cir. 1993) (citations omitted); *Honig v. E. I. De Pont De Nemours & Co.*, 404 F.2d 410, 410 (5th Cir. 1968). Therefore, this court lacks jurisdiction to hear this appeal. *See United States v. Davis*, 103 F.3d 121 (4th Cir. 1996) (unpublished).[1]

For the above reasons, we dismiss for lack of jurisdiction Frye's appeal from the district court's denial of his motion to direct his discharged counsel to return his case file.

DISMISSED.

---

[1] This ruling will not preclude Frye from filing an appropriate discovery motion in his § 2255 action. Frye is also not without other potential remedies. He may file a complaint against his discharged attorneys with the Mississippi State Bar, a process that he asserts in his Reply Brief he has already begun undertaking. He may also file suit against his discharged attorneys in state court. *See, e.g., Edmonds v. Williamson*, 13 So. 3d 1283, 1292–93 (Miss. 2009).