TEXACO INC., Plaintiff–Appellant,

v.

LOUISIANA LAND AND
EXPLORATION CO.,
Defendant,

State of Louisiana, Department of Natural
Resources, and the State Mineral Board,
et al., Defendants–Appellees.

No. 93–3120.

United States Court of Appeals,
Fifth Circuit.

June 24, 1993.

See also 805 F.Supp. 385.

Gene W. Lafitte, Joe B. Norman, Liskow & Lewis, New Orleans, LA, for plaintiff-appellant.

Robert Eikel, Houston, TX, for Dorothy B. Eikel Trust, et al.

Richard P. Ieyoub, Atty. Gen., Emory Belton, Asst. Atty. Gen., State of La., Baton Rouge, LA, Campbell C. Hutchinson, George C. Freeman, III, David Hall, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, Mary Ellen Leeper, Port Allen, LA, for defendants-appellees.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We write today to clarify the jurisprudence of this circuit regarding whether a discovery order is immediately appealable under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We conclude that, based upon controlling caselaw, and subject to an exception not relevant here, such an order is not appealable.

The appellant, Texaco Inc. ("Texaco"), is subject to an order of the magistrate judge requiring it to produce certain documents that it claims are subject to the attorney-client privilege. Seeking relief from the order, Texaco filed with this court a petition for writ of mandamus and/or prohibition. We denied relief, stating, in an unpublished order, "We are not persuaded that petitioners have met the high standards for the extraordinary writs, despite not insubstantial arguments that the courts below erred in their treatment of privilege."

Undaunted, Texaco pursued an appeal that it had noticed the same day it filed its mandamus petition. The defendants-appellees, who are the State of Louisiana, the Louisiana Department of Natural Resources, and the State Mineral Board, have filed a motion to dismiss the appeal, arguing that discovery orders are not appealable.

In *Honig v. E.I. duPont de Nemours & Co.*, 404 F.2d 410, 410 (5th Cir.1968) (per curiam), this court declared that, subject to the exception for governmental privilege rec-

ognized in *Overby v. United States Fidelity & Guar. Co.*, 224 F.2d 158, 162 (5th Cir.1955), and not relevant here, "the general rule [is] that a discovery order incident to a pending action is not subject to appeal." That rule has been observed generally in this circuit.[1]

Texaco, however, refers us to *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 207–08 (5th Cir.1990), in which a panel of this court held that a discovery order, although not final within the meaning of 28 U.S.C. § 1291, was appealable under the *Cohen* doctrine. The panel made no mention of *Honig* or its progeny.

 "In the event of conflicting panel opinions from this court, the earlier one controls, as one panel of this court may not overrule another." *Smith v. Penrod Drilling Corp.*, 960 F.2d 456, 459 n. 2 (citing *Heit-*

*kamp v. Dyke (In re Dyke)*, 943 F.2d 1435, 1442–43 (5th Cir.1991)). Accordingly, *Honig*, not *Acosta*, is the controlling precedent in this circuit, and the discovery order in question may not be appealed from at this time.[2]

Although we make no comment as to the correctness of the rule expressed in *Honig*, but merely apply circuit precedent by which we are bound,[3] we observe that the rule in *Honig*, which we reiterate, is consistent with controlling precedent in almost all of the federal courts of appeals.[4] As we are without jurisdiction, the motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED.

---

**1.** *See, e.g., Periodical Publishers Servs. Bureau v. Keys*, 981 F.2d 215, 217–18 (5th Cir.1993) (citing *Honig*); *In re Willy*, 831 F.2d 545, 549 (5th Cir.1987) (same); *In re Sessions*, 672 F.2d 564, 566 (5th Cir.1982) (same).

**2.** Texaco also cites *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir.1979), which, issued well after *Honig*, suffers the same fate as *Acosta*. The plaintiffs also argue that, additionally, *Southern Methodist* "did not run afoul of *Honig* because the adversely affected parties were not in control of the information sought and thus were entitled to invoke the *Perlman* exception." *See Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918).

**3.** The Eleventh Circuit, which adheres to Fifth Circuit precedent in existence prior to the split of the two circuits on October 1, 1981, *see Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), also considers itself bound by *Honig, see Robinson v. Tanner*, 798 F.2d 1378, 1380 (11th Cir.1986) (en banc), *cert. denied*, 481 U.S. 1039, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987).

**4.** *See Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir.1992) (en banc) ("We have held repeatedly that orders denying or granting discovery are not appealable under the collateral order doctrine."); *Marchetti v. Bitterolf*, 968 F.2d 963, 967 (9th Cir.1992) ("We lack jurisdiction to conduct an interlocutory review of a discovery order."); *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 162–63 (2d Cir. 1992) ("[T]he exception created by *Cohen* ... to the finality requirement cannot be employed to obtain interlocutory review of discovery orders."

(quoting *Xerox Corp. v. SCM Corp.*, 534 F.2d 1031, 1032 (2d Cir.1976) (per curiam) (ellipses in *Chase Manhattan*))); *Reise v. Board of Regents of the Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir.1992) ("[D]iscovery orders—even exceedingly burdensome discovery orders—[are] non-appealable [under *Cohen*].": severely criticizing *Acosta*); *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir.1988) ("[A] party may ordinarily obtain review of such an order only after judgment has entered."); *Robinson*, 798 F.2d at 1380 (embracing *Honig*); *Federal Trade Comm'n v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir.1985) ("To perfect standing to appeal from a civil pretrial discovery order, [one] must refuse to comply and submit to a contempt proceeding."); *Bever v. Gilbertson*, 724 F.2d 1083, 1087 (4th Cir.) ("Pretrial discovery orders may not be reviewed before final judgment[.]"), *cert. denied*, 469 U.S. 948, 105 S.Ct. 349, 83 L.Ed.2d 285 (1984); *Montgomery Ward & Co. v. Zenith Radio Corp.*, 673 F.2d 1254, 1259, 69 CCPA 96 (1982) (interlocutory discovery orders issued in civil suits, between private litigants, are appealable only "where ... the information sought is in the hands of a third party and the putative appellant can neither resist nor force the custodian to resist compliance with the discovery order"), *cert. denied*, 459 U.S. 943, 103 S.Ct. 256, 74 L.Ed.2d 200 (1982); *Iowa Beef Processors v. Bagley*, 601 F.2d 949, 953 (8th Cir.) ("Most courts, including this one, have held that orders compelling the production of documents or testimony are not appealable as collateral orders or otherwise."), *cert. denied*, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979). *Contra Smith v. BIC Corp.*, 869 F.2d 194, 198 (3d Cir.1989) ("[D]iscovery orders are not final orders for appeal purposes and, therefore, cannot be reviewed unless they fall within the collateral order doctrine of *Cohen* ....").