United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-20859
_____

JEANETTE GOODMAN, Individually and as administratrix of the estate of Michael
W. Goodman, Deceased,

Plaintiff-Appellee,

versus

HARRIS COUNTY; ET AL.,

Defendants,

HARRIS COUNTY; ROBERT ECKELS, Harris County Judge; EL FRANCO LEE,
Harris County Commissioner; STEVE RADACK, Harris County Commissioner;
JERRY EVERSOLE, Harris County Commissioner; SYLVIA GARCIA, Harris
County Commissioner; RON HICKMAN, Harris County Precinct 4 Constable;
TERRY ASHABRANNER, Deputy Constable,

Defendants-Appellants.

_____

Appeal from the Unites States District Court
for the Southern District of Texas

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge.

    In this action, the defendants appeal the district court's order requiring one of the defendants

to undergo a mental examination pursuant to FED. R. CIV. P. 35. Lacking jurisdiction, we dismiss the

appeal.

- 1 -

# I. FACTS AND PROCEEDINGS

Jeanette Goodman ("Goodman"), the mother of Michael Goodman ("Michael"), brought suit against Harris County and various county officials, including Deputy Constable Terry Ashabranner ("Deputy Ashabranner"). Goodman, both individually and in her capacity as the administratrix of Michael's estate, asserted claims under 42 U.S.C. § 1983 and Texas state law. Goodman originally brought this suit in Texas court; the defendants removed the case to federal court. Among other claims, Goodman maintains that her son's civil rights were violated because Deputy Ashabranner used excessive force.

## A.     The Underlying Incident

The incident that gave rise to the action happened just before midnight of April 14, 2002. According to Deputy Ashabranner, he stopped Michael after he observed Michael riding a bicycle, which lacked a headlight, the wrong way down a road in Harris County, Texas. Deputy Ashabranner maintains that he observed a "shiny or metallic" object in Goodman's back pocket. Deputy Ashabranner claims that, after being stopped, Michael pushed Deputy Ashabranner down and fled on the bicycle. Thereafter, Deputy Ashabranner released a police dog and pursued Michael.

Deputy Ashabranner states that, when he reached Michael, Michael was holding the police dog's head under standing roadside water. Deputy Ashabranner and Michael came together in a physical struggle, and, according to Deputy Ashabranner, Michael pushed Deputy Ashabranner down and reached behind his back "as if to pull something from his back pocket or the back of his pants." Deputy Ashabranner shot Michael, and Michael died from his wounds.

## B.     The Proceedings Below

In the ensuing suit, in which final judgment has not been rendered, the district court ordered

Deputy Ashabranner to submit to a mental examination, pursuant to FED. R. CIV. P. 35. In the order, the district court stated:

> [T]he parties have indicated that it is the intent of the Defendants to try this case by presenting an expert to opine about the manner [in] which Mr. Goodman would have likely reacted back in 2002 based on his past history. Even though the Defendants submit . . . that it is uncertain whether Deputy Ashabranner's mental state on [the date of the incident] could be determined at this date, they nonetheless proposed to do exactly that with respect to the decedent Michael Goodman. . . . [I]t appears to the Court that if [ ] the Defendants propose to try this case by establishing what likely happened based on psychiatric testimony [then] both sides should be able to avail themselves of that opportunity.

In the same order, the district court signified its doubt that any relevant and admissible evidence could result from this line of inquiry when it stated, "[I]t is this Court's belief that such expert testimony . . . would probably not survive a *Daubert* challenge." Nevertheless, the district court ordered the examination.

Deputy Ashabranner filed a notice of appeal within thirty days of the order's filing. Deputy Ashabranner asserts that this court has jurisdiction, under the collateral order doctrine, to hear his appeal. On the merits, Deputy Ashabranner contends that the district court abused its discretion in ordering the mental examination because Deputy Ashabranner's mental state is not in controversy and Goodman failed to make a showing of good cause.

In the time following the filing of this appeal, the district court granted Goodman's motion to exclude the testimony of Deputy Ashabranner's expert psychiatrist. The testimony appears to have been the underlying basis for the district court's Rule 35 order. Later, Deputy Ashabranner filed a motion *in limine* to exclude "[a]ny reference to the alleged mental and/or physical condition of Deputy Ashabranner at the time of the incident on which the lawsuit is based." Following briefing,

the district court entered an order granting summary judgment in favor of all other defendants and dismissing all claims, except the § 1983 excessive force claim against Deputy Ashabranner. Both parties filed appeals from the summary judgment order.[1] After the parties filed their respective notices of appeal, the district court announced that "[a] new scheduling order will be issued at the conclusion of the appeal" and denied both the plaintiff's and defendants' motions *in limine* without prejudice.[2]

## II. JURISDICTION

"Before reaching the merits of this case, we must first satisfy ourselves that the appeal is properly before us." *Steadman v. Texas Rangers*, 179 F.3d 360, 365 (5th Cir. 1999). *See also Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431 (5th Cir. 2005). Generally, this court's jurisdiction is limited to review the district courts' final orders, qualified interlocutory orders, and collateral orders. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 815 (5th Cir. 2004); 28 U.S.C. §§ 1291, 1292. This circuit has held that discovery orders are generally not appealable because they (1) "do not constitute final decisions" for the purposes of § 1291 and (2) "are not appealable under the *Cohen* collateral order doctrine." *Wiwa*, 392 F.3d at 815 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)). *See also A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 897 (5th Cir. 2000) (restating the general rule).

---

[1]Both Goodman and Deputy Ashabranner filed a notice of appeal from the district court's summary judgment order. This court, *sua sponte*, noted potential jurisdictional defects in that the appeal was from a partial grant of summary judgment and directed the parties to address the jurisdictional issue in their briefs. We take no position on the court's jurisdiction over the subsequent appeal; there has been no effort to consolidate the instant appeal with the subsequent one.

[2]Since the parties filed their respective notices of appeal, there has been no other substantive activity on the district court docket.

Deputy Ashabranner claims that this court has jurisdiction to hear this appeal under the collateral order doctrine. As Deputy Ashabranner correctly points out, in *Acosta v. Tenneco Oil Co.*, this circuit specifically held that an order compelling a litigant to submit to an examination pursuant to Rule 35 was "appealable under the collateral order doctrine." 913 F.2d 205, 207 (5th Cir. 1990).[3] In response to Deputy Ashabranner's reliance on *Acosta*, Goodman refers to *Texaco Inc. v. Louisiana Land & Exploration Co.*, 995 F.2d 43, 44 (5th Cir. 1993), where this court declined to follow *Acosta*.[4] The *Texaco* court considered its jurisdiction to hear an appeal of a discovery order. As here, the *Texaco* appellants urged the court to exercise jurisdiction under *Acosta* while the appellees argued in favor of the general rule against the appealability of discovery orders set out in *Honig v. E.I. duPont de Nemours & Co.*, 404 F.2d 410, 410 (5th Cir. 1968) (per curiam). *See Texaco*, 995 F.2d at 43–44. In deciding which precedent to follow, the *Texaco* court observed:

> "In the event of conflicting panel opinions from this court, the earlier one controls, as one panel of this court may not overrule another." Accordingly, *Honig*, not *Acosta*, is the controlling precedent in this circuit, and the discovery order in question may not be appealed from at this time.

---

[3]The *Acosta* court held that: (1) "the district court's order conclusively determine[d] the disputed issue" and the order was "finished and conclusive,"(2) "the ability of a trial court to coerce a party to submit to a vocational examination and interview, without the presence of counsel, is a serious question of law," (3) "the order clearly resolves a discovery issue that is distinct from the merits of [the] claim," and (4) "a delay or postponement of review would cause irreparable harm to [the appellant]." 913 F.2d at 208. Based on these findings, the court determined that, under the *Cohen* doctrine, the Rule 35 order qualified as a collateral order and was subject to immediate review. *Id.*

[4]Goodman also cites to *Reise v. Board of Regents of the University of Wisconsin System*, where a panel of the Seventh Circuit expressly disagreed with *Acosta* and declined to find jurisdiction over a Rule 35 order under the *Cohen* doctrine. 957 F.2d 293, 294 (7th Cir. 1992). The *Reise* court observed that "the reasoning of *Acosta* would make every discovery order appealable." *Id.* at 295.

*Id*. at 44 (quoting *Smith v. Penrod Drilling Corp.*, 960 F.2d 456, 459 n.2 (5th Cir. 1992)) (internal citation omitted).

While Deputy Ashabranner contends that *Acosta* provides that all Rule 35 orders are immediately appealable, Goodman argues that *Acosta* was a mere aberration from the general rule that discovery orders are not appealable. Neither argument is accurate; nor are the two cases irreconcilable. As a general rule, discovery orders are not appealable. *See Texaco*, 995 F.2d at 44. However, when such an order fits within the exception to that general rule, as did the order in *Acosta*, the court can and will exercise jurisdiction under the collateral order doctrine. The question, then, is not whether the court must follow *Acosta* or *Texaco*, but whether the order in question qualifies as a collateral order under *Cohen*.

Under the *Cohen* doctrine, as applied in this circuit, the court has jurisdiction over an otherwise unappealable order if the appellant demonstrates "that the order '(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.'" *Wiwa*, 392 F.3d at 816 (quoting *A-Mark*, 233 F.3d at 898). "If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral-order exception to § 1291." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988) (listing the elements of the *Cohen* doctrine). The Rule 35 order in question fails to satisfy the *Cohen* requirements.

First, while the order conclusively determines whether Deputy Ashabranner will be required to submit to an examination, the same finality as to the specific issue can be found in all discovery orders. Further, the order's impact appears to have been overtaken by events at the trial level. The driving force behind the order—the testimony of Deputy Ashabranner's expert psychiatrist—has been

excluded by the district court. Absent the expert testimony, the district court has not stated any reason for maintaining or enforcing the order. Indeed, in the Plaintiff's Designation of Experts, Goodman did not identify an expert to testify as to Deputy Ashabranner's mental or physical condition. Moreover, Deputy Ashabranner may move the court to exclude any evidence derived from any examination. Although the district court dismissed Deputy Ashabranner's motion *in limine* when the parties took the partial grant of summary judgment on appeal, the district court specifically noted that the motions were dismissed "without prejudice to re-urging." Given these evolving events, the order's continuing viability is, at best, uncertain.[5] In light of the subsequent developments before the district court and the possibility that the order could be revisited by the district court, the issue is simply not conclusively determined for the purposes of *Cohen*.

Second, while the Rule 35 issue may be separate from the merits, it can hardly be said to be "too important to be denied review." *Cohen*, 337 U.S. at 546. *See also Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 502 (1989) (Scalia, J., concurring) (observing that "[t]he importance of the right asserted has always been a significant part of [the] collateral order doctrine" and that "later cases have retained that significant requirement") (citing cases). Deputy Ashabranner contends that "it is a serious question to require a police officer . . . to undergo a mental examination." Obviously, unless Deputy Ashabranner is actually required to undergo the examination the order has no import. Deputy Ashabranner also asserts that once the findings of the examination are disclosed, they cannot be

---

[5]Indeed the post-appeal developments and questionable continuing viability of this order underscore the rationale of limiting our appellate jurisdiction. As events develop in ongoing litigation, issues that once appeared to the litigants to be of major significance often dissipate or are overtaken by subsequent events. To allow dissatisfied parties to file appeals with this court at each unsatisfactory ruling, without the benefit of perspective on the issue contested, would result in a never-ending cycle of motions, orders, and appeals. Our appellate system was designed to avoid this situation.

undisclosed. However, the order has little potential effect on the merits because Deputy Ashabranner's argument ignores his ability to move the district court *in limine* to exclude any evidence that might be revealed if the examination ever takes place. Deputy Ashabranner has simply not shown this order to be too important to be denied review.

Third, and conclusively, this court has the ability to render meaningful review of the order upon a final judgment. Nothing puts this order beyond the scope of this court's review. We clearly have the ability to reverse an adverse judgment based on inadmissable evidence. *See, e.g., Mersch v. City of Dallas*, 207 F.3d 732, 736 (5th Cir. 2000) (reversing the district court and rendering judgment after ruling that key evidence was inadmissable).

In *Acosta*, this court found that, on those facts, the order was an appealable collateral order under *Cohen*. *Acosta* ran counter to the general but not inviolate rule that discovery orders are not appealable. However, on the facts and circumstances of this case, the Rule 35 order does not qualify as a collateral order under *Cohen*, and, as a result, this Rule 35 order is not appealable. Accordingly, we are without jurisdiction to address the order's merits.[6]

### III. CONCLUSION

Because the court is without jurisdiction, we DISMISS the appeal.

---

[6]Our jurisdictional determination is not an endorsement of the merits of the Rule 35 order. We note that the requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).