United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 05-10376
Summary Calendar

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY REEDER; SANDRA REEDER,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-128-1
USDC No. 4:02-CR-128-2
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gary Reeder and Sandra Reeder appeal from their convictions of mail fraud and conspiracy

to commit money-laundering. Sandra Reeder appeals her sentence. In addition, the Government

moves for dismissal or summary affirmance or, in the alternative, for an extension of time in which

to file a brief. The Government argues that the appeal is frivolous and that even in light of the liberal

standards of construction afforded to pro se briefs, the appellants' briefs are inadequate and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

incomprehensible. The Government's motion is denied. We affirm the convictions as well as Sandra Reeder's sentence.

The Reeders challenge the Government's pursuit of both civil and criminal remedies against them. Gary Reeder argued in the district court that such pursuit is a violation of the double jeopardy clause and the due process clause. The constitution, however, does not prohibit the Government from pursuing both civil and criminal remedies. *See Hudson v. United States*, 522 U.S. 93, 100–03 (1997). This claim for relief is without merit.

The Reeders also challenge the seizure of evidence from their place of business on Fourth and Fifth Amendment grounds. The district court's order resulting in the challenged seizure was entered in a separate, previous civil enforcement case brought by the SEC, and it is not properly before us for review. *See Goodman v. Harris County*, 443 F.3d 464, 467 (5th Cir. 2006) (noting that prior to deciding an appeal, this court must satisfy itself that the appeal is properly before it). We decline to consider this claim for relief.

The Reeders argue that various items of evidence were falsified or defective and that the Government failed to disclose exculpatory evidence to the jury. The Reeders have not indicated how a particular certification by an SEC employee they allege was false was relevant to their criminal prosecution; as to that particular item of evidence, they have failed to brief any issue for appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). We will not grant relief on this claim.

The Reeders also argue that the Government failed to satisfy its obligation to disclose exculpatory evidence. While the Government is obliged to disclose exculpatory evidence to defendants, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963), it is not obliged to disclose exculpatory evidence to the jury. As such, this argument is without merit. The Reeders' remaining arguments

regarding the allegedly defective evidence go to the weight and credibility of the evidence, and they have shown no reason for us to disturb the jury's findings on weight and credibility. *See United States v. Molinar-Apodaca*, 889 F.2d 1417, 1423 (5th Cir. 1989).

The Reeders, who proceeded pro se with standby counsel in the district court, contend that they received ineffective assistance of counsel. The general rule is that this court will not review a claim of ineffective assistance of counsel on direct appeal unless the record is sufficiently developed to permit the court to fairly evaluate the issues. *See United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987). The record here is not sufficiently developed and we decline to consider this issue.

The Reeders also argue that the district court should have recused itself. The apparent basis for this argument is that the district court made evidentiary rulings adverse to the defendants. Adverse rulings alone do not give rise to grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

The Reeders also contend that the district court misapprehended the nature of their business, their identities, and their citizenship status; that they were not given adequate time to review evidence; and that the district court incorrectly defined the people who invested funds with the Reeders as investors. The Reeders do not allege on appeal that they sought a continuance to review evidence, and they have not shown grounds for a reversal in any event. *See United States v. Messervey*, 317 F.3d 457, 462 (5th Cir. 2002). The Reeders' other contentions are facially frivolous.

Finally, Sandra Reeder contends that her sentence should be vacated pursuant to *United States v. Booker*, 543 U.S. 220 (2005). She does no more than state the issue, and she has failed to brief it for appeal. *See Yohey*, 985 F.2d at 224–25.

The convictions are AFFIRMED, Sandra Reeder's sentence is AFFIRMED, and the Government's motion is DENIED.