**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-11036
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

2005 HUMMER H2, VIN 5GRGN22U35H105585, In Rem; ET AL

Defendants

CAMPION TAKURA MUGWENI

Claimant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1684

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Campion Takura Mugweni, federal prisoner # 36274-177, has moved this court for leave to proceed in forma pauperis (IFP) in an appeal from the district court's dismissal of a civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(A). The Government sought the forfeiture of two vehicles for which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mugweni was identified as the owner and which the Government believed were involved in, or traceable to property involved in, an illegal money laundering transaction. The Government moved to dismiss the civil forfeiture action after the district court in a concomitant criminal prosecution granted the Government permission to sell the vehicles to pay Mugweni's criminal debt. The district court denied Mugweni's motion for leave to proceed IFP on appeal and certified that the appeal was not taken in good faith. By moving for leave to proceed IFP on appeal, Mugweni is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Mugweni asserts that the district court erroneously dismissed the civil forfeiture action. Mugweni contends that one of the cars should not have been subject to forfeiture because it was owned by other members of his family; Mugweni argues that he would have been able to prove the ownership interest of these family members if the civil case had gone to trial. Mugweni further argues that the district court's decision in the criminal case to grant the Government's motion to sell was improper because, inter alia, the sale contravened his family members' due process rights. *Id.* Mugweni also asserts that documents that the Government appended to its motion to sell were obtained during an illegal search.

Mugweni's IFP motion largely raises issues that relate to the district court's finding in the criminal action that the vehicles should be sold to satisfy his criminal debt. That finding was made in a separate and unconsolidated action and challenges to it may not be raised in an appeal of the civil forfeiture proceeding. *Cf. United States v. Reeder*, 207 F. App'x 435, 436 (5th Cir. 2006) (holding that order for seizure of evidence in separate civil enforcement case was not subject to review in criminal proceedings). Mugweni does not address the basis of the judgment from which he seeks to appeal, i.e., the civil action was subject to dismissal because it was rendered superfluous by the sale of the vehicle in the criminal prosecution. This is inadequate for IFP or success on

appeal. *See Baugh v. Taylor*, 117 F.3d at 202; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

To the extent that Mugweni's IFP motion does implicate the civil forfeiture action, he seeks to raise claims that he does not have standing to assert. Mugweni seeks a reinstatement of the civil forfeiture action solely to assert the rights of third parties, i.e., other members of his family. Mugweni does not contend that the Government caused him any injury, and he specifically seeks relief that would inure solely to the benefit of his family members. A litigant is precluded from appealing a district court's order to assert the legal rights and interests of third parties. *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 & n.9 (5th Cir. 1994); *see also Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) (holding that Fourth Amendment rights cannot be asserted vicariously). Mugweni's arguments concerning the district court's disposition of subsidiary motions made in this action equally are designed to promote only his family members' interests or are otherwise irrelevant to the disposition of the civil action.

As it is plain that any appeal would be frivolous, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), we dismiss the appeal. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.