# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-50821
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2010

Lyle W. Cayce
Clerk

JAMES RUSSELL SMITH,

Plaintiff-Appellant

v.

MARISSA JARAMILLO, CORRECTIONS OFFICER III,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CV-713

Before GARWOOD, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Russell Smith, Texas prisoner # 620944, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 suit. Smith brought suit against several named and unnamed prison officials, alleging that the officials violated his equal protection rights by denying him admission into the Gang Renunciation and Disassociation (GRAD) Program based on his race; that they failed to protect him from attacks by various gang members, in violation of the Eighth Amendment; and that they failed to follow rules and policies of the Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department of Criminal Justice (TDCJ) with respect to protecting him from assault. With the exception of the claims against Marissa Jaramillo, the district court dismissed certain claims as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915, and the remaining claims on summary judgment. The case proceeded to trial against Jaramillo, with a verdict in her favor. Smith challenges the pretrial dismissals as well as various procedural rulings and an evidentiary ruling at trial. Finding no error, we affirm.[1]

A dismissal under § 1915(e) for failure to state a claim upon which relief may be granted is reviewed under the same de novo standard as a dismissal under FED. R. CIV. P. 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). The dismissal of a complaint as frivolous typically is reviewed for abuse of discretion; however, where the district court also finds that the complaint fails to state a claim it is reviewed de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). We review a grant of summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003).

Smith first argues that the district court erred by dismissing his equal protection claims regarding the GRAD Program and failed to enter an order of dismissal. We find no error. The court dismissed all claims based on equal protection and following the trial entered a judgment dismissing the case. Further, the record supports the dismissal. Smith failed to identify any individuals responsible for denying him admission into the GRAD Program. *See*

---

[1] The record presents a potential jurisdictional issue which we must address first *sua sponte*. *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004). In the court below, a Magistrate Judge presided over the jury trial and entered judgment. *See* 28 U.S.C. § 636(c) ("Upon the consent of the parties, a full-time United States magistrate . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case. . . ."). However, Smith executed an ambiguous consent form. Nevertheless, neither Smith nor his appointed attorney objected to further appearances before the magistrate judge, including a two-day jury trial. Therefore, we hold that Smith impliedly consented because both Smith and his counsel were aware of the need for consent and the right to refuse it, had ample opportunity to object, and still voluntarily appeared to try the case before the Magistrate Judge. *See Roell v. Withrow*, 123 S. Ct. 1696, 1703 (2003).

*Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). Rather, he named only John Does. Even if Smith had been able to identify the John Does through discovery, as he contends, Smith's allegations and the record evidence fail to show an equal protection violation by any defendant, named or unnamed. *See Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004).

With respect to Smith's failure to protect claims, Smith was required to show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). *Actual* knowledge and appreciation of the risk are required. *Id*. at 837-38. We have reviewed the record and arguments and we agree with the district court that the defendants were entitled to dismissal of these claims.

Smith next argues that the district court erred by entering a protective order staying discovery. We review for abuse of discretion. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993). As a threshold matter, we reject the defendants' contention that we lack jurisdiction to review the discovery ruling. It is true that discovery orders are ordinarily not *immediately* appealable because they do not constitute final judgments. *Goodman v. Harris Cnty.*, 443 F.3d 464, 467 (5th Cir. 2006). However, interlocutory rulings may be reviewable once a final judgment has been rendered. *See Trust Co. of La. v. N.N.P., Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997); *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999).

Nevertheless, we discern no reversible error. The defendants provided significant amounts of documents and information to Smith voluntarily; Smith made no further efforts to pursue discovery; and Smith offers only conclusory assertions regarding how the discovery was necessary to his case. There was no

abuse of discretion. *See Krim*, 989 F.2d at 1444; *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1031-32 (5th Cir. 1983).

Next, Smith contends that the court erred by excluding a certain document he wished to use to impeach Jaramillo. A district court's decision to exclude evidence is reviewed for an abuse of discretion; however, even if an abuse of discretion is found, this court looks to whether the error affected a substantial right, i.e., was harmless. *See Munn v. Algee*, 924 F.2d 568, 571, 573 (5th Cir. 1991).

Contrary to Smith's assertion, the record shows that the district court admitted the first four pages of the contested document, which contained purportedly damaging information about Jaramillo regarding an investigation. Jaramillo testified about that information both on direct and cross-examination. To the extent that Smith contends that the court erroneously excluded evidence of an overheard telephone conversation, our review of that evidence and the record persuades us that any error was harmless in light of the other evidence regarding Jaramillo's credibility and the unrebutted testimony of an investigator from the Office of the Inspector General finding no evidence to support Smith's claims against Jaramillo.

Finally, Smith does not challenge the district court's dismissal of his claims based on failure to follow TDCJ policies. He has thus abandoned that claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). In any case, the district court's ruling was correct. *See Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000).

For the foregoing reasons, the judgment of the district court is AFFIRMED.