# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11240

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL ALBERTO FLORES, also known as Rafa,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2410

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Rafael Alberto Flores, federal prisoner # 26574-064, moves for a certificate of appealability (COA) to appeal the magistrate judge's order denying his motion for appointment of counsel. We generally lack jurisdiction to consider an appeal absent a final order of the district court. 28 U.S.C. § 1291; *see Goodman v. Harris Cnty.*, 443 F.3d 464, 467 (5th Cir.2006). In the context of a habeas proceeding, our jurisdiction to grant or deny a COA likewise is predicated on a final order of the district court. *See* 28 U.S.C. § 2253(a), (c).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11240

"Only a district court can make a magistrate judge's decision final, and therefore appealable." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 219-20 (5th Cir. 2000). Although the district court here denied a COA, it did not enter a final order addressing Flores's self-styled motion for appointment of counsel. Accordingly, we lack jurisdiction to review the magistrate judge's order.

Additionally, Flores seeks a COA to appeal the district court's orders denying his motions to compel and for a temporary stay. Because the order denying the motion to compel was not designated in the notice of appeal, we lack jurisdiction to review it. *See* FED. R. APP. P. 3(c)(1)(B); *Gonzalez v. Thaler*, 132 S. Ct. 641, 651-52 (2012). We also lack jurisdiction to review the district court's denial of Flores's motion for a temporary stay, as the notice of appeal was filed 61 days after entry of the district court's order. *See* 28 U.S.C. § 2107(b)(1), (c); *Bowles v. Russell*, 551 U.S. 205, 210-14 (2007).

For these reasons, Flores's motion for a COA is DENIED, and the appeal is DISMISSED for lack of jurisdiction. The motions for appointment of counsel and oral argument also are DENIED. This court previously warned Flores that submitting frivolous or repetitive filings challenging his conviction and/or sentence would subject him to sanctions. We directed him to "review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive." Because Flores did not heed this warning, a monetary SANCTION of $100 payable to the clerk of this court is IMPOSED. IT IS FURTHER ORDERED that Flores is BARRED from filing in this court or any court subject to this court's jurisdiction any pleadings that challenge his conviction for conspiracy to distribute and possess with intent to distribute a controlled substance until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file his pleadings. Flores is WARNED

2

No. 13-11240

that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions. He should review any pending matters and move to dismiss any that are frivolous.