# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50557
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carl Wayne Wiley,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-922-1

_____

Before Clement, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Carl Wayne Wiley, Texas prisoner # 2156916, moves this court for leave to proceed in forma pauperis (IFP) on appeal of the district court's order denying his motion to furnish documents under 28 U.S.C. § 2250. He also moves for appointment of counsel and for authorization to file a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

successive habeas petition under 28 U.S.C. § 2255. These motions are DENIED.

At the threshold, insofar as Wiley seeks to appeal a discovery order, we lack jurisdiction over his appeal. *See Goodman v. Harris Cnty.*, 443 F.3d 464, 467 (5th Cir. 2006) ("This circuit has held that discovery orders are generally not appealable.").

By moving for leave to proceed IFP on appeal, Wiley is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). Courts in this circuit have entertained appeals from orders denying relief under § 2250, which entitles an indigent petitioner "to court documents at no cost" if he has a § 2255 application *pending. United States v. Agbomire*, 239 F. App'x 929, 929 (5th Cir. 2007) (per curiam) (unpublished); *see United States v. Hernandez-Cuellar*, No. 21-40051, 2021 WL 4484963, at *1 (5th Cir. Sept. 30, 2021) (per curiam) (unpublished); *Walton v. Davis*, 730 F. App'x 233, 234 (5th Cir. 2018) (per curiam) (unpublished); *United States v. Ramos-Barrera*, 466 F. App'x 334, 335 (5th Cir. 2012) (per curiam) (unpublished). Wiley previously filed an unsuccessful 28 U.S.C. § 2255 petition challenging his federal sentence. But at the time Wiley filed a letter in the district court invoking § 2250 and "requesting copies of the Court[']s [d]iscovery," no application for habeas relief was pending. Accordingly, this appeal is frivolous, and Wiley's motion to proceed IFP is denied.

Construed liberally, Wiley's brief seeks authorization to file a successive § 2255 motion. To obtain authorization to file a successive petition, Wiley must make a prima facie showing that his claims rely on either

"newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).  Wiley has not made such a showing.

For those reasons, Wiley's motions to proceed IFP, for appointment of counsel, and for authorization to file a successive § 2255 motion are DENIED.