# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2025

Lyle W. Cayce
Clerk

————————

No. 24-40831
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Anson Chi,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-155-1

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Anson Chi, federal prisoner # 44588-177, appeals the district court's denial of his motion for an extension of time to file a motion for the transfer of property pursuant to Federal Rule of Criminal Procedure 41(g). However, we "must examine the basis of [our] jurisdiction, on [our] own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40831

The order denying Chi's motion for an extension of time to file a motion for the transfer of property was not a final decision. *See* 28 U.S.C. § 1291; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009). The order also does not fall within any jurisprudential exception, such as the collateral-order doctrine, that would render it a final, appealable order. *See Goodman v. Harris Cnty.*, 443 F.3d 464, 467-69 (5th Cir. 2006). The order likewise does not fall into the classes of interlocutory decisions listed in 28 U.S.C. § 1292 over which courts of appeal have jurisdiction, and it was not certified for appeal by the district court pursuant to § 1292(b) or Federal Rule of Civil Procedure 54(b). Thus, we lack jurisdiction over the instant appeal. *See Dardar v. Lafourche Realty Co., Inc.*, 849 F.2d 955, 957-59 (5th Cir. 1988); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102-03 & n.3 (5th Cir. 1981).

Accordingly, Chi's appeal is DISMISSED for lack of jurisdiction. His motion to amend his reply brief is DENIED.

2