United States Court of Appeals,

Fifth Circuit.

Nos. 91-7156, 92-1559.

PERIODICAL PUBLISHERS SERVICE BUREAU, INC., Plaintiff-Appellant,

v.

Trina K. KEYS, Defendant,

Adam J. Breaux and Lona Roberson Breaux, Appellees.

Carl FROST, d/b/a Publishers' Discount Warehouse, Plaintiff-Appellee,

v.

PERIODICAL PUBLISHERS SERVICE BUREAU, INC., Defendant-Appellant.

In re PERIODICAL PUBLISHERS' SERVICE BUREAU, INC., Petitioner.

Jan. 18, 1993.

Appeals from the United States District Court for the Northern District of Texas.

Before JOLLY and DeMOSS, Circuit Judges, and SCHWARTZ, District Judge.[*]*

E. GRADY JOLLY, Circuit Judge:

This appeal ings to us a discovery dispute that was decided by a district court different from the court in which the underlying action was pending. Ordinarily, we do not have jurisdiction over discovery disputes because they are not final orders within the meaning of 28 U.S.C. § 1291. In cases such as this one, however, it is clear that as far as the "discovery" district court (N.D.Tex.) is concerned, it has entered its final order in this case. The "trial" district court (E.D.La.) has not yet tried the underlying case. We hold that where, as here, the discovery court and the trial court are in the same circuit, we can effectively review the district court's discovery order when we consider the appeal from the final judgment in the underlying action. Thus, there is no basis to allow an appeal at this time. We, therefore, dismiss this appeal for lack of appellate jurisdiction.

I

The underlying lawsuit is a RICO action that Periodical Publishers Service Bureau ("PPSB")

[*]Senior District Judge of the Eastern District of Louisiana, sitting by designation.

brought in the eastern district of Louisiana against Trina Keys and others. The court consolidated this proceeding with a case Carl Frost d/b/a Publishers' Discount Warehouse and Adam and Lona Breaux filed against PPSB. The substance of that litigation is not relevant to this appeal.

This discovery dispute arose when PPSB sought records from two banks in Dallas, Texas. PPSB sought enforcement of the subpoenas in the United States District Court for the Northern District of Texas against First City Bank, Dallas, and Bank One, Dallas, in order to obtain some of the Breauxs' and Frost's bank records.[1] The Breauxs and Frost moved to quash the subpoenas, or for a protective order. Judge Sanders assigned the matter to a magistrate judge, who denied the motion to quash. However, he granted, in part, the protective order. The protective order made the documents available to certain specified people and no one else. The order also provided that "[t]he relevant dates for bank records subject to discovery shall be September 1, 1985 to and including September 1, 1987."

Next arises the beginning of our particular dispute: The same day the magistrate judge denied the motion to quash and issued the protective order, counsel for PPSB, Joseph Martin, spoke with Bank One's counsel, Susan Wilson. Martin told Wilson that the magistrate judge had denied the motion to quash. He did not inform her, however, that the magistrate judge had granted a protective order that limited the documents Bank One had to produce. Wilson told Martin that her staff had already gathered the documents and that she would produce the documents when she received the court's order.

When Wilson received the order, she directed her staff to produce all the documents they had gathered. They did so, but they failed to withhold documents outside the dates the magistrate judge specified in the protective order. When the Breauxs' counsel, Walter Holmes, discovered that Martin had received documents outside the scope of those that the protective order permitted, he immediately contacted Martin's office. Since Martin was not in the office, Holmes spoke to Martin's paralegal, Bridget Ustruck. Holmes and Ustruck agreed that Holmes would not seek court action to compel Martin to return the documents if Martin would not review them until the court had

_____

[1]The banks are not parties to the underlying litigation.

determined the proper course of action.

When Martin returned to the office, however, he decided to review the documents, notwithstanding Ustruck's agreement to the contrary.[2] Martin not only reviewed the documents; after reviewing them, he filed a motion to amend the protective order, requesting that the magistrate delete the language limiting the dates of the documents the banks had to produce. Martin attached some of the documents to his motion to amend the protective order. Still further, he used information from the documents to file an amended complaint in the litigation pending in the eastern district of Louisiana.

The Breauxs and Frost were vexed. In response to Martin's actions, they filed another motion for a protective order. They asked the court to order PPSB to return the documents and prohibit them from using the documents in the pending litigation. After a hearing, the magistrate judge denied PPSB's motion for an amended protective order and granted the Breauxs' and Frost's motion for a new protective order. The second protective order required PPSB to return the documents and any copies to Bank One; it further protected the documents from any use in discovery or the trial. Additionally, the magistrate judge ordered PPSB to pay the attorney's fees that the Breauxs and Frost had incurred in obtaining the second protective order. Now, PPSB was vexed. It appealed the magistrate judge's order to the district court. Finding that the order was not clearly erroneous, contrary to law, or an abuse of discretion, the district court denied PPSB's application for review. After the district court denied PPSB's motion for reconsideration, PPSB filed this appeal.

II

The threshold question is whether, given that the discovery district court has entered its final order in this case, PPSB may now appeal an ordinarily unappealable discovery order. Discovery orders are not generally appealable because usually they are not final decisions within the meaning of 28 U.S.C. § 1291. *See United States v. Nixon,* 418 U.S. 683, 692, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974); *In re Reyes,* 814 F.2d 168, 170 (5th Cir.1987); *Honig v. E.I. duPont de*

---

[2]Martin contends that Ustruck, as a paralegal, did not have the authority to enter into a binding agreement with Holmes and that Holmes should have known that.

*Nemours & Co.,* 404 F.2d 410 (5th Cir.1968).[3]  Section 1291's finality requirement "embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing proceeding by interlocutory appeals." *Nixon,* 418 U.S. at 691, 94 S.Ct. at 3099.  Thus, PPSB may appeal the district court's discovery order only if this dispute falls "within the "limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims.' " *Id.* (Citing *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)).

Several courts have found, however, that effective review of a discovery order is impossible when one district court rules on discovery of a non-party and the underlying action is pending in a district court in another circuit.  *See Republic Gear Co. v. Borg-Warner Corp.,* 381 F.2d 551, 554 (2d Cir.1967).  Without immediate review of such an order, a tortured procedural path would follow.  It is easy to envision an aggrieved party processing two appeals in separate circuit courts at the same time.  The "trial" circuit might have to stay its appeal and wait for the "discovery" circuit to rule;  if the trial circuit refused to be held hostage to the discovery circuit's time schedule, and risked deciding the case, it might have to recall its opinion once the discovery circuit had ruled.  The trial circuit then may have to delay further its decision to wait on the discovery to proceed in the discovery district court in order to determine the effect the new discovery ruling might have on the merits of the appeal.  It may have to delay even further to await a second appeal to the discovery circuit.  The scenario of a procedural mess could go on and on.  We simply do not require parties to follow such cumbersome, impractical procedures.

The situation, however, is significantly different when the two district courts are in the same circuit.  The Second, Ninth, and Tenth Circuits have all held that the parties cannot appeal orders denying discovery from a non-party when the discovery and trial courts are in the same circuit.  *Barrick Group, Inc. v. Mosse,* 849 F.2d 70 (2d Cir.1988);  *In re Subpoena Served on California PUC,* 813 F.2d 1473 (9th Cir.1987);  *Hooker v. Continental Life Ins. Co.,* 965 F.2d 903 (10th

[3]Similarly, we do not have jurisdiction pursuant to 28 U.S.C. § 1292(d)(2) because the district court has not certified the issue for appeal.

Cir.1992). In *Barrick,* the court reasoned that it could "consider any appeal on discovery issues at the same time as the appeal from the judgment in the underlying action." *Barrick,* 849 F.2d at 73. Indeed, when one circuit court reviews the entire proceeding, it can resolve all disputes and make all necessary orders. This appellate procedure is not cumbersome and, thus, there is no need for an immediate appeal. Like the Second, Ninth, and Tenth Circuits, we believe that our "approach avoids piecemeal proceedings, strengthens the rule of finality and provides ultimately for the effective review of all issues." *Barrick,* 849 F.2d at 73.[4]

III

We, therefore, DISMISS this appeal for lack of appellate jurisdiction because we can effectively review the district court's interlocutory discovery order on appeal from a final judgment.

DISMISSED.

---

[4]In support of appellate jurisdiction, PPSB cites the Eleventh Circuit's decision in *Ariel v. Jones,* 693 F.2d 1058 (11th Cir.1982). *See also Heat & Control, Inc. v. Hester Indus., Inc.* 785 F.2d 1017 (Fed.Cir.1986). In *Ariel,* the underlying action was pending in the middle district of Florida while the discovery dispute was in the southern district of Florida. The court held that the parties could immediately appeal the southern district's discovery order even when both district courts were in the same circuit. The Eleventh Circuit reasoned that without an immediate appeal the parties had no way of effectively obtaining review of the order. We disagree. Review of a final judgment in an action "encompasses all interlocutory orders over which the appellate court has jurisdiction." *California PUC,* 813 F.2d at 1479. Thus, the Eleventh Circuit had the power to correct the southern district court's discovery order on the appeal from the final judgment in the underlying action.