REVISED - December 18, 2000

# UNITED STATES COURT OF APPEALS
### For the Fifth Circuit

_____

No. 99-11219

_____

A-MARK AUCTION GALLERIES, INC.,
d.b.a. Superior Stamp & Coin, and STACKS, LLC,

Plaintiffs-Appellees / Cross-Appellants,

VERSUS

AMERICAN NUMISMATIC ASSOCIATION, et al.,

Defendants,

VERSUS

HERITAGE CAPITAL CORPORATION
and HERITAGE NUMISMATIC AUCTIONS, INC.,

Defendants-Appellants / Cross-Appellees.

Appeals from the United States District Court
for the Northern District of Texas

December 6, 2000

Before DAVIS, EMILIO M.. GARZA, Circuit Judges, and POGUE, Judge[*].

W. EUGENE DAVIS, Circuit Judge:

Heritage Capital Corporation and Heritage Numismatic Auctions, Inc. (collectively

_____

[*] Judge of the U.S. Court of International Trade, sitting by designation.

"Heritage") appeal from a discovery order entered by the District Court in the Northern District of Texas relating to a case pending between the other parties to this appeal in the United States District Court for the District of Colorado. As the nonfinal discovery order is not a final decision under 28 U.S.C. § 1291 and does not fall within the collateral order exception of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), we dismiss the appeal for lack of jurisdiction.

## I.

Appellees, A-Mark Auction Galleries, Inc. and Stack's, LLC (together "A-Mark") are large dealers of coins who, among other activities, conduct coin auctions. In 1998, A-Mark sued the American Numismatic Association (the "ANA") in the United States District Court for the District of Colorado alleging claims of negligent misrepresentation, fraud and violation of the Colorado consumer protection statute. Essentially, A-Mark complains of the process the ANA used to select auctioneers for the auctions held at ANA conventions and of the unadvertised benefits, including exclusive use of ANA mailing lists, referrals and endorsements, conferred on the winning bidder. A-Mark's action against ANA is currently pending in the United States District Court for the District of Colorado.

In connection with its action against the ANA, A-Mark served subpoenas *duces tecum* on Heritage at its home office in Dallas, Texas, seeking the production of certain documents. Heritage had been the winning bidder for the right to conduct auctions at ANA conventions and so presumably had received the improper benefits conferred by the ANA. However, Heritage is not a party to the Colorado action. The documents A-Mark sought related to agreements between Heritage and the ANA, benefits received from those agreements with the ANA, sales and consignment information, financial information, referrals from the ANA, advertisements placed with the ANA, and how

Heritage used the ANA mailing lists to procure sales. Heritage produced some documents in response to the subpoenas, but asserted that most of the documents requested by A-Mark contained trade secrets. Heritage accordingly refused to make any further response to the subpoenas served on it.

A-Mark responded to this refusal by filing an action in the United States District Court for the Northern District of Texas to compel compliance with the subpoenas. The district court referred the discovery dispute to a magistrate judge. The magistrate judge made brief findings regarding the relevancy and necessity of the discovery requested by A-Mark as well as the confidentiality interests of Heritage. He t hen granted A-Mark's demand in part by making reference to certain numbered requests for documents. He granted production of these documents on the condition that they only be used for the prosecution and defense of the Colorado action. He also allowed Heritage to mark documents produced in response to certain requests as "Highly Confidential" and ordered that those documents only be disclosed to A-Mark's counsel and to outside experts retained by A-Mark. Heritage objected to the magistrate judge's order. The district court, after reviewing the law applicable to the discovery of documents alleged to contain trade secrets, affirmed the order of the magistrate judge in its entirety. Heritage now appeals[**] the district court's order.

## II.

## A.

As a threshold matter, we must determine whether this court has jurisdiction to review the discovery order Heritage appeals. Subject to certain exceptions, this court only has jurisdiction over "final decisions" of the district court. 28 U.S.C. § 1291. Discovery orders generally do not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." Catlin

---

[**]Though labeled as a Cross-Appellant, A-Mark does not appeal the judgment of the District Court.

v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Thus, discovery orders do not constitute final decisions under § 1291 and are not immediately appealable. Church of Scientology v. United States, 506 U.S. 9, 18, n. 11 (1992).

Heritage contends that the discovery order appealed from is a final order because it finally resolves its discovery obligation, which was the only issue presented to the district court. Heritage argues that garden variety discovery cases we have decided on review of district courts within this circuit do not control today's case. This is so, according to Heritage, because the order in this case is not interlocutory and the concerns applicable to interlocutory appeals, i.e. piecemeal appeals and delay, do not apply to judgments in ancillary proceedings, like this one, that resolve all issues between the parties that are before a particular court. We disagree.

We follow the well reasoned opinion in MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 119 (4th. Cir. 1994), in which the Fourth Circuit addressed a situation almost identical to the facts in this case. In that case, the main case was pending in district court in the Sixth Circuit; the discovery dispute, involving access to claimed trade secrets, was litigated in district court in the Fourth Circuit; and that district court issued an order granting the requested discovery with certain protections and limitations. The Fourth Circuit dismissed the appeal of the discovery order for want of jurisdiction.

Addressing the argument that the case did not present the routine discovery dispute between two parties to a court proceeding, the court concluded that the appeal of the discovery order before it could not be considered apart from the course of the main litigation. Id. at 121. Although discussed in the context of the independent question requirement of the Cohen collateral order doctrine, the court's comments are equally applicable to Heritage's argument that the discovery order in this case is a separate final order under § 1291. The MDK court stated:

While the district court's order compelling discovery may seem a self-contained piece of litigation when viewed in isolation, that view fails to capture the full scope of these proceedings. The discovery order in question is but one of several discovery requests Mike's has made in order to secure the information necessary to prosecute its claim of monopolization against Lionel. Resolving the issue of whether Mike's will be able to secure this information from MDK perforce impacts the manner in which the Michigan trial will be conducted. Likewise, the time required to resolve an appeal of the North Carolina decision can only delay resolution of the Michigan litigation. Thus, this appeal cannot be considered apart from the course of the main litigation.

Id. at 121. We agree. It is clear to us that the issues relating to the discovery order Heritage complains of must be examined in the larger context which includes the main case pending in Colorado. When viewed in this manner, we see no reason to deviate from the law set forth above. Those well-settled rules dictate that the discovery order issued by the Northern District of Texas is not a final order appealable under 28 U.S.C. § 1291.

Furthermore, we dismiss the suggestion by Heritage that Periodical Publishers Service Bureau, Inc. v. Keys, 981 F.2d 215 (5th Cir. 1993), reaches this issue. That case involved the appeal of a discovery dispute from one district court relating to a main case pending in another district court, but both district courts involved were located within the Fifth Circuit. In the introductory paragraph of the opinion, the court notes that "as far as the 'discovery' district court (N.D.Tex.) is concerned, it has entered its final order in this case." Id. at 216. That statement is far from a holding that the order was an appealable final order. In fact, the Periodical Publishers panel concluded that the discovery order before it was not immediately appealable as a final order, in part because discovery orders are not generally considered final orders within the meaning of 28 U.S.C. § 1291. Id. at 217.

B.

Nor is the discovery order an appealable collateral order under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). In this circuit, an order may be appealed under the Cohen exception if the appellant demonstrates that the order (1) conclusively determines the disputed

question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. Acoustic Systems, Inc. v. Wenger Corp., 207 F.3d. 287, 290 (5th Cir. 2000), citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468-69, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). We start from the well-settled rule in this circuit that discovery orders may not be appealed under the Cohen exception. Texaco Inc. v. Louisiana Land and Exploration Co., 995 F.2d 43, 44 (1993); Honig v. E.I. duPont de Nemours & Co., 404 F.2d 410 (5th Cir. 1968); Periodical Publishers Service Bureau, Inc. v. Keys, 981 F.2d 215 (5th Cir. 1993). Although we recognize that as to the discovery issues presented to the Northern District of Texas, the discovery order at issue is conclusive, as discussed above, it does not resolve important issues separate from the merits.

In addition, the discovery order is subject to review outside this appeal. In addressing this issue the MDK court stated:

> Here, MDK cannot claim that it could never obtain review absent the appeal at bar. Courts have long recognized that a party sufficiently exercised over a discovery order may resist that order, be cited for contempt, and then challenge the propriety of the discovery order in the course of appealing the contempt citation. [citations omitted] Indeed, the Supreme Court has pointed to this path to appellate review as a reason why discovery orders are not appealable under Cohen. Firestone Tire & Rubber Co. v. Risford, 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed 2d 571 (1981).

MDK, Inc., 27 F.3d at 121. We agree with the Fourth Circuit that this is the most acceptable solution to this difficult problem. And this hurdle to appellate review has been sanctioned by the Supreme Court. In these circumstances, we conclude that the Cohen requirements for appellate review of a collateral order are not met and we do not have jurisdiction over Heritage's appeal on that basis.***

---

*** We specifically reserve for another day and another case the issue whether a decision **denying** discovery to a party seeking it would be appealable in circumstances such as those present in this case. See In Re Cusumano, 162 F. 3d 708 (1st Cir. 1998).

III.

Because this court lacks jurisdiction over this appeal, it is hereby DISMISSED.