Huey GRANGER Plaintiff—Appellant,

v.

William SLADE, Individually and In His Official Capacity as Chief of Police for the City of Pearl, Ms, Keith Peterson, Individually and In his Official Capacity as Police Officer for the City of Pearl, Ms, Jeff Tims, Individually and In His Official Capacity as a Police Officer for the City of Pearl, Ms; Jack B. Brenemen Defendants—Appellees.

No. 03–60491.

Summary Calendar

United States Court of Appeals, Fifth Circuit.

Feb. 12, 2004.

---

Shirley S. Payne, Horn & Payne, Madison, MS, for Plaintiff–Appellant.

Gary Erwin Friedman, Mark D. Fijman, Phelps Dunbar, Jackson, MS, Orbie Stanley Craft, Craft, Brenemen & Associates, Brandon, MS, for Defendants–Appellees.

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM.*

Huey Granger appeals the district court's order denying his motion seeking to enjoin the appellees from prosecuting him on state criminal charges and denying his request for reconsideration of a protective order.

Granger argues that appellate jurisdiction exists over the district court's order pursuant to 28 U.S.C. § 1292(a)(1). While 28 U.S.C. § 1292(a)(1) provides appellate jurisdiction over the portion of the district court's order relating to the denial of injunctive relief, it does not provide appellate jurisdiction over the portion of the district court's order relating to the protective order. See Sherri A.D. v. Kirby, 975 F.2d 193, 204–05, fn. 18 (5th Cir.1992).

█ The protective order issued by the district court is designed to shape the changing needs of the litigation and subject to continued modification by the district court. The order that is on appeal did not alter the inconclusive nature of the protective order. The order thus is not appealable as a final order pursuant to 28 U.S.C. § 1291. See Sherwinski v. Peterson, 98 F.3d 849, 851 (5th Cir.1996). The inconclusive nature of the order also indicates that it is not appealable pursuant to the collateral order doctrine. See A–Mark Auction Galleries, Inc. v. American Numismatic Ass'n, 233 F.3d 895, 898–99 (5th Cir.2000). That portion of the appeal concerning issues that Granger raises in connection with the protective order is therefore DISMISSED for lack of appellate jurisdiction.

█ Granger argues that the district court erred when it denied his motion for injunctive relief. He asserts that the appellees are threatening to pursue criminal charges against him in Mississippi state court in bad faith. A federal court should abstain from interfering with state criminal proceedings except under extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 53–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Granger has failed to show that an exception to Younger is warranted because he has failed to show that the appellees have undertaken a prosecution in bad faith. See Perez v. Ledesma,

---

401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); *see also Kugler v. Helfant*, 421 U.S. 117, 124–25, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975). The district court's ruling denying Granger's request for injunctive relief is therefore AFFIRMED.

DISMISSED IN PART; AFFIRMED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.