# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40825

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2020

Lyle W. Cayce
Clerk

ELLIOTT WILLIAMS,

Plaintiff–Appellant,

versus

JEFFREY CATOE, Senior Warden, Coffield Unit;
WILLIAM WHEAT, Major of Security, Coffield Unit;
PAMELA PACE, Practice Manager, UTMB, Coffield Unit;
JACINTA ASSAVA, Nurse Practitioner, UTMB, Coffield Unit;
JANE AND JOHN DOE; DOCTOR PAUL W. SHRODE; VICKI WHITE,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

Before OWEN, Chief Judge, JONES, SMITH, STEWART, DENNIS, ELROD, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, COSTA, WILLETT, HO, DUNCAN, ENGELHARDT, and OLDHAM, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We hold that in an action brought under 42 U.S.C. § 1983, a district court's interlocutory order denying a motion for appointment of counsel is not immediately appealable under the collateral-order doctrine. The panel opinion

No. 18-40825

in *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985), is overruled.  This appeal is dismissed for want of jurisdiction.

I.

Elliott Williams, as a state prisoner, sued prison personnel (the "state") *in forma pauperis* via § 1983, claiming deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Williams filed a notice of interlocutory appeal from the district court's denial of his motion to appoint counsel.  The appeal was briefed on whether Williams satisfies the steep requirements for appointment of counsel in § 1983 cases.[1]

In its brief, the state acknowledged that any panel would be bound, per the rule of orderliness, to recognize appellate jurisdiction under *Robbins*.[2]  This court granted the state's petition for initial en banc hearing as an efficient means of revisiting the issue of immediate appealability without requiring the matter to percolate uselessly through a panel.  We appointed counsel for briefing and oral argument on Williams's behalf.[3]

---

[1] "The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under . . . § 1983 . . . unless the case presents exceptional circumstances."  *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (Rubin, J.) (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (per curiam)).  "In considering motions for appointment of counsel in section 1983 cases, district courts should make specific findings on each on the *Ulmer* factors rather than deciding the motion in a conclusory manner" (citing *Ulmer*, 691 F.2d at 213).  *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (per curiam).

This appeal involves nothing more than the jurisdictional question of when a § 1983 plaintiff can appeal the denial of counsel.  We do not speak to the general standard under which a district court determines whether to appoint counsel, to whether that standard is satisfied in this or any other case, or to attorneys' ethical obligation to provide *pro bono* assistance.

[2] *See, e.g.*, *Leachman v. Harris County*, 779 F. App'x 234, 238 (5th Cir. 2019) (per curiam).

[3] There is irony in the fact that we appointed counsel to assist the court in deciding whether Williams can immediately appeal the denial of counsel.  The court thanks counsel for her thorough and professional advocacy.

No. 18-40825

II.

"While the collateral-order doctrine will necessarily allow some appeals, otherwise impermissible under 28 U.S.C. § 1291, the doctrine is a 'narrow exception,' *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 . . . (1994) . . ., 'selective in its membership,' *Will v. Hallock*, 546 U.S. 345, 350 . . . (2006)."[4]  In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), the Court carved out an exception to the final-judgment rule.  All agree that the collateral-order doctrine has three essential requirements:  "[T]he order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

Recognizing that standard, the *Robbins* panel, 750 F.2d at 412–13, decided that all three prongs had been met.  Because the test is conjunctive, we address only the third element.  *Robbins* found it satisfied, explaining that the question "is not whether a claim becomes jurisdictionally unreviewable, but whether it becomes *effectively* unreviewable."  *Id.* at 413.  "[T]here remains a great risk that a civil rights plaintiff may abandon a claim or accept an unreasonable settlement in light of his own perceived inability to proceed with the merits . . . ."  *Id.* at 412.  "[I]t is the likelihood that a litigant will not be able effectively to prosecute his claim or to appeal that determines the reviewability of that claim . . . ."  *Id.* at 413.

That was error that we now correct.  In vigorous dissent in *Robbins*, Judge Garwood pointed out that

---

[4] *United States v. M/Y GALACTICA STAR*, 784 F. App'x 268, 276 (5th Cir. 2019) (per curiam) (unpublished).

No. 18-40825

> [a] party capable of perfecting *pro se* an appeal from an order denying counsel is likewise capable of so perfecting an appeal after judgment . . . . [T]he large number of *pro se* tried cases where *pro se* appeals have been perfected in this Court should suffice to demonstrate that the denial of . . . counsel does not effectively prevent, or ultimately wholly discourage, such cases from being actually tried and appealed.

*Id.* at 417 (Garwood, J., dissenting).

Even in the small percentage of cases in which the lack of counsel in the district court may restrain a § 1983 plaintiff in the assertion of his rights,[5] the fact "that a ruling 'may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final . . . judgment . . . has never sufficed'" to breach the collateral-order doctrine. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (quoting *Dig. Equip.*, 511 U.S. at 872). As Judge Garwood explained, conferring appealability on interlocutory orders denying counsel

> represents . . . a major and serious invasion of the values [of] the final judgment rule . . . . It makes highly probable multiple appeals in *every in forma pauperis civil* case in which counsel is requested and denied . . . . If counsel is requested . . . and then denied, there will be an appeal. Though there is an affirmance, if the request is renewed and again denied when an amended pleading is filed or following discovery or rulings on motions to dismiss or the like, then there will still be another appeal. Perhaps then we will decide to remand . . . because we regard the trial court's order as insufficiently specific in its reasons for denial. If denial again follows, there is yet another appeal, the third *prior to trial*.

*Robbins*, 750 F.2d at 417−18 (Garwood, J., dissenting).

---

[5] In its en banc brief, the state makes the unchallenged assertion that "in the past 34 years, only *four* interlocutory appeals have resulted in reversal of an order denying appointed counsel in a section 1983 case and a remand with instructions either to appoint counsel or to reconsider."

No. 18-40825

### III.

Although adherence to *Coopers & Lybrand*, coupled with the practical considerations highlighted above, easily compels a reversal of *Robbins*, we take additional comfort in the fact that nine federal circuits have held that orders denying counsel in § 1983 cases are not immediately appealable.[6]  Only one disagrees.[7]  And in the event that *stare decisis* is a concern, Williams's counsel concedes that there is no reliance interest in maintaining *Robbins*.

Therefore, in an action brought under 42 U.S.C. § 1983, a district court's interlocutory order denying a motion for appointment of counsel is not immediately appealable under the collateral-order doctrine.  *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985), is OVERRULED.[8]  The appeal is DISMISSED for want of jurisdiction.

---

[6] *See Appleby v. Meachum*, 696 F.2d 145, 146 (1st Cir. 1983) (per curiam); *Welch v. Smith*, 810 F.2d 40, 42 (2d Cir. 1987); *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *Miller v. Simmons*, 814 F.2d 962, 964 (4th Cir. 1987); *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 759 (6th Cir. 1985) (en banc); *Randle v. Victor Welding Supply Co.*, 664 F.2d 1064, 1067 (7th Cir. 1981) (per curiam); *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986); *Cotner v. Mason*, 657 F.2d 1390, 1391−92 (10th Cir. 1981) (per curiam); *Holt v. Ford*, 862 F.2d 850, 851 (11th Cir. 1989) (en banc).

[7] *See Slaughter v. City of Maplewood*, 731 F.2d 587, 588−89 (8th Cir. 1984).

[8] Avoiding the law of unintended consequences, we limit this holding to matters brought under 42 U.S.C. § 1983, though logically the same should apply to claims grounded in its federal-actor counterpart, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).