# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2020

Lyle W. Cayce
Clerk

No. 19-41056

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KENNETH MARTIN, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CR-19-5

Before ELROD, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Kenneth Martin's federal habeas claims are still being litigated in district court. In this appeal, Martin seeks immediate review of a subsidiary matter: whether the district court properly refused to modify a protective order covering the government's discovery materials. Lacking jurisdiction to decide that question now, we DISMISS his appeal.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-41056

## I.

In 2016, Martin was indicted on federal drug crimes. In April of that year, before Martin's jury trial commenced, the district court issued a protective order covering all discovery provided by the government. Its point was to protect "particularly sensitive information, including, but not limited to, cooperation agreements, cooperator statements, and presentence reports." The order forbade showing these materials to anyone other than Martin, his counsel, and others employed in his defense. It let Martin review the materials, but only in court or in counsel's presence. In July 2016, Martin was convicted of conspiracy to possess with intent to distribute a controlled substance and sentenced to 115 months in prison.

On September 24, 2019, Martin challenged his conviction under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. On October 10, 2019, he moved to lift the protective order, arguing he needed the protected materials for his habeas proceeding. The district court denied the motion, finding the order remained "critical to protecting the rights of confidential sources and ongoing criminal investigations," especially given Martin's and his family's "known history of intimidating witnesses." The court also found Martin failed to show good cause for modifying the order. Martin now appeals the denial of his motion. His § 2255 proceeding remains pending in the district court.

## II.

We must police our own appellate jurisdiction. *See, e.g.*, *Edwards v. 4JLJ, LLC*, 976 F.3d 463, 465 n.2 (5th Cir. 2020) (citing *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999)). Sensing a disturbance on that front, we asked for supplemental briefing. The government argues we lack jurisdiction because Martin tries to appeal a non-final decision that falls outside the collateral-order exception. We agree.

Generally, we may review only "final decisions of the district courts." 28 U.S.C. § 1291; *see also id.* § 2255(d) ("An appeal may be taken to the court of appeals from the order entered on the [§ 2255] motion as from a final judgment on application for a writ of habeas corpus."). "This final judgment rule requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). Martin's appeal violates that rule by appealing a discovery-related ruling while his underlying § 2255 action remains pending. *See, e.g.*, *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 897 (5th Cir. 2000) ("[D]iscovery orders do not constitute final decisions under § 1291 and are not immediately appealable." (citing *Church of Scientology v. United States,* 506 U.S. 9, 18 n. 11 (1992))).

That ends the story unless the district court's order fits into the "narrow exception" known as the collateral-order doctrine. *Williams v. Catoe*, 946 F.3d 278, 280 (5th Cir. 2020) (en banc) (citing *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). To qualify, an order "must satisfy each of three conditions: it must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 522 (1988) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

At a minimum, the district court's order fails the third condition. "[T]he decisive consideration" under that prong "is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (quoting *Will v. Hallock*, 546 U.S. 345, 352–53 (2006)). In making this determination, "we look to categories of cases, not to particular injustices," *Van Cauwenberghe*, 486 U.S. at 529, and

No. 19-41056

determine whether "the class of claims, taken as a whole, can be adequately vindicated" without an immediate right of appeal. *Mohawk Indus.*, 558 U.S. at 107. "[T]he chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for jurisdiction under § 1291." *Id.* (cleaned up).

The protective order at issue concerns the government's discovery materials. "We start from the well-settled rule in this circuit that discovery orders may not be appealed under the *Cohen* exception." *A-Mark Auction Galleries*, 233 F.3d at 899 (citation omitted); *see also, e.g.*, *In re Tullius*, 500 F. App'x 286, 292 (5th Cir. 2012) (unpublished). Furthermore, Martin identifies no critical interests that will be imperiled by delaying review of the district court's order. He merely speculates about "documents . . . [and] discovery materials" his lawyer should have used in his defense, contending the protective order prevents him from adequately reviewing those materials. That vague assertion fails to explain why our review of the protective order must occur immediately, before final judgment. Martin also fails to mention that, in the district court, he represented that "most—if not all" of the material under the protective order "has been released to the public domain." That was one reason the district court found no need to modify the protective order. It likewise explains why no pressing need exists to review this matter now.[1]

If Martin does not ultimately prevail on his § 2255 motion, he can properly appeal and argue that the district court's decision to maintain the protective order was somehow reversible error. *Cf., e.g.*, *Goodman v. Harris County*, 443 F.3d 464, 469 (5th Cir. 2006) ("[C]onclusively, this court has

---

[1] We also note that, of the twelve grounds of ineffective assistance of trial counsel Martin raises, only one concerns the protected discovery material.

No. 19-41056

the ability to render meaningful review of the order upon a final judgment. Nothing puts this order beyond the scope of this court's review."). In the meantime, though, the inconvenience Martin claims from the protective order cannot justify an immediate appeal. "[T]he fact that a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final judgment has never sufficed to breach the collateral-order doctrine." *Williams*, 946 F.3d at 280 (quoting *Mohawk Indus.*, 558 U.S. at 107) (cleaned up); *cf., e.g.*, *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) (collateral-order doctrine applied because order would disclose confidential third-party information and so was unreviewable on appeal).

Appeal DISMISSED.