# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2023

Lyle W. Cayce
Clerk

No. 22-40733
Summary Calendar

Joshua Calhoun,

*Plaintiff—Appellant*,

*versus*

LaMorris Marshall; Chase R. Johnson; Nickie Page;
Dylan Adams; Lonnie Townsend; Zachary Chapman;
Michael Davis,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:21-CV-279

_____

Before Clement, Southwick, and Higginson, *Circuit Judges*.
Per Curiam:[*]

Joshua Calhoun, Texas prisoner # 1985495, seeks leave to proceed in forma pauperis (IFP) in this interlocutory appeal from an order of the district court that overruled Calhoun's objections to an order issue by the magistrate judge that terminated the appointment of counsel and effectively denied the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appointment of new counsel, and also denied Calhoun's request for injunctive relief.  By moving in this court to proceed IFP, Calhoun is challenging the district court's certification that the instant appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  In reviewing the district court's decision, our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court's order denying injunctive relief is immediately appealable.  *See* 28 U.S.C. § 1292(a); *Byrum v. Landreth*, 566 F.3d 442, 444 (5th Cir. 2009).  However, to the extent Calhoun's appeal is taken from an order effectively denying the appointment of counsel, he has appealed from the denial of a non-appealable interlocutory order.  *See Williams v. Catoe*, 946 F.3d 278, 279 (5th Cir. 2020) (en banc).  As such, the appeal is DISMISSED IN PART for lack of jurisdiction.  *See id.*

In his IFP filings, Calhoun contends that the district court did not properly determine that he was required to pay the filing fee in installments. He asserts in an attenuated and conclusory fashion that his underlying civil action against prison officials is meritorious.  Also, Calhoun renews an allegation that his former appointed counsel had an inappropriate relationship and makes vague assertions that counsel withheld evidence.

Calhoun makes no meaningful effort to demonstrate that the district court erred in denying his request for injunctive relief.  Because he effectively fails to challenge the district court's ruling, Calhoun has abandoned the relevant issues.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  As Calhoun fails to demonstrate that his appeal will involve a nonfrivolous issue, his appeal is DISMISSED IN PART as frivolous, and

No. 22-40733

his IFP motion is DENIED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Calhoun also moves for the appointment of counsel, for a remand to the district court, and to compel the production of evidence. These and any other remaining motions are DENIED.

Calhoun is WARNED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).