# United States Court of Appeals for the Fifth Circuit

---

No. 23-30187

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacob Glen Collett,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-67-1

---

Before Stewart, Clement, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jacob Glen Collett ("Collett") pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and one count of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). The district court imposed a 151-month sentence of imprisonment and five years of supervised release. Collett now appeals, pro se, the district court's order

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denying his motion for the original recording of a December 18, 2019 court proceeding and a "contradictory hearing" to determine the accuracy of an official transcript of said proceeding. For the following reasons, we DISMISS the appeal for want of jurisdiction.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Collett pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance[1] and one count of possession of a firearm and ammunition by a prohibited person.[2] On August 13, 2018, the district court sentenced him to a total of 151 months in prison and five years of supervised release. Collett did not file an appeal. Collett subsequently filed a letter that was construed by the district court as a motion for leave to file an out of time appeal and for the appointment of counsel. Counsel was appointed for Collett, and a hearing was set for September 18, 2019, to address the motion. A brief appearance hearing setting a status conference was held on December 18, 2019.

Through counsel, Collett argued that his motion was not a request for an out of time appeal, but it was a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Collett next filed a pro se motion to modify his sentence. The district court issued a ruling and order addressing the initial letter as a motion for an out of time appeal and the second letter as a § 2255 motion. The district court denied both motions on February 7, 2022. No

---

[1] Law enforcement agents found Collett in possession of 635.27 grams of methamphetamine, 222 dosage units of LSD, 56 tablets containing fentanyl, 4.01 grams of MDMA, 38.9 grams of heroin, 16.5 grams of cocaine, and 52.5 grams of a mixture and substance containing THC.

[2] Collett was found to be in possession of a Beretta 9 mm model 92FS handgun and 16 rounds of ammunition.

appeal was filed, and appointed counsel was permitted to withdraw on March 14, 2022.

On January 5, 2023, Collett filed a pro se motion requesting a transcript of the December 18, 2019 appearance hearing in anticipation of challenging his sentence. The district court granted the motion. On March 8, 2023, Collett filed a motion seeking production of the original recording of the appearance hearing. On March 15, 2023, the district court denied the motion. Collett timely filed a notice of appeal. The Government moved to dismiss this appeal for lack of jurisdiction, asserting that the district court's March 15, 2023 order was not a final appealable order. This court denied the motion without giving reasons.

## II.   STANDARD OF REVIEW

This court may only exercise jurisdiction over final orders and certain interlocutory orders as defined by statute. *See* 28 U.S.C. §§ 1291–92. "For purposes of § 1291, a final judgment is normally deemed not to have occurred until there has been a decision by the [d]istrict [c]ourt that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010) (internal quotation marks and citation omitted). Discovery decisions are reviewed for abuse of discretion. *See, e.g.*, *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000). This court "will reverse a discovery ruling *only* if it is 'arbitrary or clearly unreasonable,' *and* the complaining party demonstrates that it was prejudiced by the ruling." *Id.* (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)).

No. 23-30187

## III.  DISCUSSION

On appeal, Collett argues that the district court erred in denying his motion for production of the original recording of the December 18, 2019 appearance hearing. The Government counters that this court does not have jurisdiction to consider this appeal because the discovery-related order at issue is neither a final decision nor otherwise immediately appealable. As we explain below, we agree with the Government.

In this case, the order of the district court denying Collett's motion for production did not end the litigation on the merits. Additionally, the district court has not: (1) entered a final judgment; (2) issued an interlocutory order as specified in § 1292(a); or (3) certified an interlocutory order for appeal. *See* 28 U.S.C. §§ 1291–92. Accordingly, we have jurisdiction over the present appeal only if an order of the district court is deemed final under the collateral order doctrine or another jurisprudential exception. *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *see also Williams v. Catoe*, 946 F.3d 278, 280 (5th Cir. 2020) (en banc) (citing *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). "The collateral order doctrine permits appeals from orders that are deemed final under 28 U.S.C. § 1291 because they '(1) conclusively determine the disputed question; (2) resolve an issue that is completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgment.'" *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 345 (5th Cir. 2016) (quoting *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 766 (5th Cir. 1996)). The district court's March 15, 2023 order fails to satisfy the second condition, therefore establishing the order as unappealable under the collateral order doctrine.

*A. Conclusively Determining the Disputed Question*

4

"The requirement that the district court's order 'conclusively determine' the disputed question means that the order must be final as to only the one inquiry that the order determines." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 748 (5th Cir. 2014) (citing *Behrens v. Pelletier*, 516 U.S. 299, 307–08 (1996)). "Conclusively" requires a showing that it is "unlikely that the district court will revisit the order." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 174 (5th Cir. 2009). In denying Collett's motion, the district court noted that "[n]one of the arguments proffered by [Collett] support granting any of these requests, especially where the transcript of the referenced hearing . . . has been provided to him." The language of the order makes clear that there is no indication that the district court would revisit its decision regarding the order. *See Henry,* 566 F.3d at 174. Therefore, we conclude that the district court's order is conclusive for purposes of the collateral order doctrine.

*B. Resolving an Important Issue Separate from the Merits of the Case*

"In order for an issue to be immediately appealed, it must be separate from the merits of the case. Issues are not separate 'where they are but steps towards [a] final judgment in which they will merge.'" *NCDR, L.L.C.*, 745 F.3d at 749 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). "The question of separability turns on whether the matter at issue 'is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits.'" *Id.* (quoting *Johnson v. Jones*, 515 U.S. 304, 314 (1995)). Here, no separability exists. Collett's motion sought production of the original recording of the December 18, 2019 hearing and a "contradictory hearing" so that he could challenge the completeness or authenticity of a transcript previously provided to him by the district court. He then intended to use that material, and purported discrepancies between the recording and the transcript, to challenge his conviction or sentence. Collett's assertions regarding the purported discrepancies between the

recording and transcript speak directly to the merits of the case, arguing that they "subjected him to a bias and falsification of where the prosecution stood in this case before a § 2255 motion was filed." We therefore conclude that the second condition of the collateral order doctrine cannot be met. Because the collateral order doctrine requires that all three conditions be satisfied to qualify, we need not discuss the remaining condition. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009). Consequently, we conclude that we do not have jurisdiction over the present appeal.

## IV.   CONCLUSION

For the foregoing reasons, we DISMISS this appeal for want of jurisdiction.