# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-20461
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BABAR JAVED BUTT,

*Defendant*,

TAJUDDIN SALAHUDDIN,

*Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-452-1

————————————————————

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Tajuddin Salahuddin has appealed from the district court's denial of
his motion for appointment of counsel. The Government argues that we do

————————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

not have jurisdiction to hear this interlocutory appeal because the denial of Salahuddin's motion is not a final appealable order and does not fall under the collateral order doctrine.

We have jurisdiction over an appeal from (1) a decision that is final under 28 U.S.C. § 1291; (2) a decision that is deemed final due to a jurisprudential exception or that has been properly certified as final under Federal Rule of Civil Procedure 54(b); and (3) interlocutory orders that are of the type noted in 28 U.S.C. § 1292(a), or that have been certified for appeal by the district court in accordance with 28 U.S.C. § 1292(b). *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993).

The order denying Salahuddin's motion to appoint counsel is not a final order and does not fall within any of the classes set forth in § 1292(a). The district court did not certify the decision for appeal under Rule 54(b) or § 1292(b). *See* Fed. R. Civ. P. 54(b); 28 U.S.C. § 1292(b). The order also is not appealable under the collateral order doctrine. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Flanagan v. United States*, 465 U.S. 259, 260 (1984); *Williams v. Catoe*, 946 F.3d 278, 279-81 (5th Cir. 2020) (en banc). We lack jurisdiction to consider the instant appeal.

Accordingly, we DISMISS the appeal for want of jurisdiction.